# IN THE COURT OF APPEALS OF IOWA

No. 16-2153
Filed March 8, 2017

**IN THE INTEREST OF I.P.,**
**Minor Child,**

**J.P., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Jennifer S. Bailey, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Jeffrey L. Powell of The Law Office of Jeffrey L. Powell, P.L.C., Washington, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Brent R. Ruther of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for minor child.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

A father appeals from the termination of his parental rights to his child, I.P., under Iowa Code section 232.116(1)(g) and (h) (2016).[1] The father asserts the district court erred in terminating his parental rights, and requests six additional months to work toward reunification. The father also asserts termination is not in I.P.'s best interests due to the parent-child bond. Because the father has failed to comply with services and address his substance-abuse and mental-health issues, we affirm the termination of his parental rights to I.P.

**I. Background Facts & Proceedings.**

I.P., born September 2015, was removed from the care of her mother and father on March 25, 2016, due to concerns that the mother was using illegal substances while caring for the child. Other concerns expressed by the department of human services (DHS) were the history of domestic violence between the mother and father, the parents' violation of a no-contact order, substance abuse by the mother and the father, unsuitable housing, and instability. The mother and father's parental rights to an older child were terminated in 2013 due to the same concerns.

After I.P. was removed, the father exhibited slim participation with DHS services. The father attended only two supervised visits with I.P.; did not obtain a substance-abuse or mental-health evaluation; did not seek substance abuse treatment or abstain from the use of illegal substances—reporting that he used methamphetamine during the pendency of the child-in-need-of-assistance (CINA) proceedings; failed to obtain safe and appropriate housing; and failed to maintain

---

[1] The mother's parental rights were also terminated. She does not appeal.

steady employment. On August 17, 2016, the district court entered a dispositional order granting the State's motion to waive reasonable efforts. The court explained:

> [The father] has a long-standing battle with methamphetamine addiction, has attempted and failed treatment multiple times, and now claims that he has quit methamphetamine "cold turkey." He has not even begun substance abuse services and the court does not believe that he has any intention to. He has mental health issues that were brought forth in the prior case, but of which have not even been touched on in [I.P.]'s case because he has refused mental health services. He remains homeless and reliant upon the good grace of others to stay in their home. He has not had any meaningful visitation with [I.P.] since her removal, nor has he taken advantage of the community resources and other assistance offered by the FSRP provider. It is the court's conclusion that [the father] could not address these issues within any reasonable amount of time, so as to allow him to raise his now infant daughter, because he has no desire to change his life or participate in services.

The petition for termination was filed on September 9, 2016, and the termination hearing was held November 8, 2016. The court entered an order terminating both parents' parental rights to I.P. pursuant to Iowa Code section 232.116(1)(g) and (h). The father now appeals.

**II. Standard of Review.**

We review termination proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "Our primary concern is the best interests of the child." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

**III. Analysis.**

In considering whether parental rights should be terminated, we (1) assess whether grounds for termination exist under section 232.116(1); (2) determine if termination is in the child's best interests pursuant to section

232.116(2); and (3) consider whether any of the section 232.116(3) exceptions apply to preclude the need for termination. *In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010).

*A. Grounds.* Section 232.116(1)(h) provides termination may be ordered where the child is three years of age or younger, has been adjudicated a CINA, has been removed from the physical custody of the parents for at least six months of the last twelve months, or for the last six consecutive months, and cannot be returned to the custody of the parents at present.

I.P. is under the age of three, has been adjudicated a CINA, and was out of the parents' care for over seven months at the time of the termination hearing. Further, the father had taken no steps to allow for I.P. to be safely returned to his care at that time. He testified he had remedied his unsafe living arrangement, but refused to provide an address. The father also testified he had not used illegal substances for "a couple months" but had not obtained a substance abuse evaluation or sought treatment. Additionally, the parents continuously violated a 2012 no-contact order that was put in place due to the parents' domestic violence against each other. The district court found:

> To place the child with her father at this time would subject the child to the following adjudicatory harms: imminent risk of physical abuse and neglect, imminent risk of harm due to a lack of proper supervision, failure to provide adequate food, clothing, and shelter and refusing means to do so, lack of adequate care due to her father's mental condition and substance abuse, and exposure to illegal drugs.

There was ample support for the district court's determination that I.P. could not be safely returned to the father's care. Thus, there are clear grounds for termination under section 232.116(1)(h).[2]

*B. Best Interests.* We also find termination is in I.P.'s best interests. "In considering whether to terminate the rights of parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

Due to the father's failure to comply with services, address his substance-abuse and mental-health issues, obtain safe housing, and follow the no-contact order, he has not provided a safe environment that would promote I.P.'s long-term nurturing and growth, or physical, mental, and emotional needs. I.P. has been out of the parents' care for more than half of her short life. I.P. deserves permanency in a safe and nurturing home. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Termination is in I.P.'s best interests.

Additionally, although the court recognized a bond between I.P. and the father, it correctly determined the bond is not so strong as to outweigh the need

---

[2] We need only address one of the grounds raised. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

for termination. *See* Iowa Code § 232.116(3)(c). The court stated, "The bond between the child and the child's parents has lessened significant[ly] due to their unavailability for visitation during the pendency of this case." Any bond I.P. may have with the father is not so strong as to overcome her great need for permanency in a stable home.

*C. Six Additional Months.* The father asserts he should be given six additional months to work toward reunification with I.P. An order allowing for an additional six months to seek reunification requires the court to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). The same concerns with the father's ability to safely parent have persisted from the termination of his parental rights to his older child in 2013 to present. The father has not complied with DHS services and has not taken any steps to remedy these concerns. There is nothing in the record indicating the father will begin to comply with services and provide a safe and stable environment for I.P. if given additional time.

**IV. Conclusion.**

We conclude grounds for termination are established, termination of the father's parental rights to I.P. is in I.P.'s best interests, and no exception applies to overcome the need for termination. We further decline the father's request for six additional months to work toward reunification. We affirm the district court's order terminating the father's parental rights to I.P.

**AFFIRMED.**